WILLIAM H. BOGART, appellant,

*v.*

MARY G. STEVENS et al., respondents.

[Submitted July 8th, 1905.   Decided March 5th, 1906.]

A mortgage delivered to A without consideration, but in order that A may raise money thereon for the mortgagor, becomes valid in the hands of A's assignee for the money paid therefor by the latter, although A fails to pay over the money to the mortgagor.

On appeal from a decree of the court of chancery.

*Mr. Samuel W. Beldon,* for the complainant.

*Mr. William J. Miller* and *Mr. Hiram O. Hance,* for the defendants.

The opinion of the court was delivered by

DIXON, J.

The object of the bill in this case is to foreclose a mortgage dated October 31st, 1902, given by Mary G. Stevens and Will A. Stevens, her husband, to Jesse Price and his wife, purporting to convey real estate belonging to Mrs. Stevens, in order to secure a bond of the same date made by Mr. and Mrs. Stevens, conditioned for the payment of $3,000, to Mr. and Mrs. Price, on October 31st, 1903.   On October 27th, 1903, the bond and mortgage were duly assigned by Mr. and Mrs. Price to the complainant.

The defence interposed is that the bond and mortgage were given for the purpose of raising $3,000 in cash, which was to be paid to Mrs. Stevens, and which she was then to loan to the president of the Snow-Church Surety Company on his giving to her ample security for repayment, and that she had never received any part of the sum mentioned.

The learned vice-chancellor to whom the cause was presented in the court below accepted this defence as substantially proved, but he also found that, in an arrangement made January 15th, 1903, Mrs. Stevens had ratified the mortgage as security for an advance of $800 made to the Snow-Church Surety Company on the strength of the mortgage, and thus it had become enforceable against her estate for that sum. Then, applying the doctrine that the assignee of a mortgage holds it subject to the defences that could be made against the assignor, he advised a decree in favor of the complainant for $800 only.

From this decree the complainant appeals. In thus limiting the claim of the complainant the learned vice-chancellor overlooked, we think, the due effect of two important facts.

As before stated, the nominal mortgagees were Mr. and Mrs. Price. The defendants, in their answer to the bill, allege that the bond and mortgage were delivered to Mr. and Mrs. Price by Mr. Stevens upon the promise that Mr. Price would obtain the sum mentioned in those instruments and turn it over to Mr. Stevens in cash, and Mrs. Stevens, while testifying as a witness in the cause, on being asked why the names of Mr. and Mrs. Price were used, replied that she did not know as to Mrs. Price, but that Mr. Price was thus included because he was to obtain the money for her. Hence it is evident that Mr. Price was authorized by both Mr. and Mrs. Stevens to assign the bond and mortgage for cash.

On receiving the assignment the complainant paid to Mr. Price $3,000 in cash, and thus the latter carried out the very purpose for which the instruments had been executed in the form adopted. Consequently, even if we assume that the mortgage, before assignment to the complainant, was invalid as a security or was valid for $800 only, it became valid on such assignment for the full amount then paid by him. As was said by this court in *Sweeney* v. *Williams, 36 N. J. Eq. (9 Stew.) 627, 631:* "Although the contract, as between the parties, was wholly without consideration, yet, if made for assignment and if assigned for a consideration, the latter became the consideration of the original contract."

The obligation of Mr. Price, if any existed, to account to Mr. and Mrs. Stevens for the money received, was a matter in which the complainant had no concern. They had clothed Mr. Price with the semblance of absolute ownership of the mortgage and had given him authority as owner to assign it for cash, and consequently a payment made to him by an assignee, who was unaware of the duties of the agent, had the same force as if the payment had been made to the principals. *Story Ag. chap. 16* §§ *429, 430.*

The decree appealed from should be reversed, and a decree entered in accordance with this opinion..

*For affirmance*—None.

*For reversal*—The Chief-Justice, Dixon, Garrison, Fort, Garretson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray, Dill—13.